1   UNITED STATES DISTRICT COURT
2   DISTRICT OF PUERTO RICO

3   NELIZA FIGUEROA-CARTAGENA,

4       Petitioner,                          Civil No. 11-2041 (JAF)

5       v.                                   (Crim. No. 07-186)

6   UNITED STATES OF AMERICA,

7       Respondent.

8

9

10                          **OPINION AND ORDER**

11      Petitioner, Neliza Figueroa-Cartagena, brings this pro-se petition under 28 U.S.C. § 2255

12  for relief from sentencing by a federal court, alleging that the sentence was imposed in violation

13  of her constitutional rights.  (Docket No. 1.)  The Government opposes, (Docket No. 4), and

14  Petitioner replies (Docket No. 7).

15                                    **I.**

16                      **Factual and Procedural Summary**

17      A comprehensive and detailed factual background of this case appears in the docket of

18  Petitioner's criminal case.  (Cr. No. 07-186, Docket Nos. 304; 307.)  On March 10, 2008,

19  Petitioner was convicted by a jury of three criminal counts: Conspiracy to commit a carjacking,

20  in violation of 18 U.S.C. § 371; aiding and abetting a carjacking resulting in death, in violation

21  of 18 U.S.C. § 2119(3); and carrying a firearm during the commission of a carjacking, in

22  violation of 18 U.S.C. § 924(c)(1)(A)(ii).  (Cr. No. 07-186, Docket No. 244.)  Two of

23  Petitioner's codefendants were also convicted of all three counts against them.  (Id.)  All three

Civil No. 11-2041 (JAF)                                                                                          -2-

1    codefendants appealed their convictions on a number of grounds, including sufficiency of the

2    evidence.   (Cr. No. 07-186, Docket Nos. 270; 271.)   The Court of Appeals affirmed the

3    convictions and vacated the sentences of Petitioner's codefendants in United States v. Castro-

4    Davis, 612 F.3d 53, 56 (1st Cir. 2010).  In Petitioner's case, the Court of Appeals affirmed the

5    conspiracy and carjacking convictions while reversing the firearms conviction, United States v.

6    Figueroa-Cartagena, 612 F.3d 69 (1st Cir. 2010).

7            In this collateral challenge, Petitioner raises various arguments.   (Docket No. 1.)

8    Petitioner points to two alleged failures by her counsel and one by the court: 1) failure by her

9    counsel to object that the testimony of FBI Special Agent Sean Means was hearsay; 2) failure

10   by her counsel to object to the jury charge on the intent element in the carjacking offense; and

11   3) alleged failure by the court to assemble the parties when a jury note was sent to the court.[1]

12   (Docket No. 1.)  The government responds, arguing that Petitioner's claims lack merit.  (Docket

13   No. 4.)  For the reasons explained below, we dismiss Petitioner's claims.

14                                                    **II.**

15                            **Standard for Relief Under 28 U.S.C. § 2255**

16           A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner

17   is in custody under the sentence of a federal court.   See 28 U.S.C. § 2255.  A federal prisoner

18   may challenge his or her sentence on the ground that, inter alia, it "was imposed in violation of

19   the Constitution or laws of the United States."  Id.

---

[1] As we discuss below, this claim is contradicted by the record.  (Cr. No. 07-186, Docket No. 242.)  The minute entry from the proceedings clearly states that the court discussed the jury note with counsel.  (Id.)

1    In general, a petitioner cannot be granted relief on a claim that was not raised at trial or

2    on direct appeal, unless he can demonstrate both cause and actual prejudice for his procedural

3    default.  See United States v. Frady, 456 U.S. 152, 167 (1982).  Claims of ineffective assistance

4    of counsel, however, are exceptions to this rule.  See Massaro v. United States, 538 U.S. 500

5    (2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does

6    not bar subsequent § 2255 review).

7                                                              **III.**

8                                                           **Analysis**

9    Because Petitioner appears pro se, we construe her pleadings more favorably than we

10   would those drafted by an attorney.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

11   Nevertheless, Petitioner's pro-se status does not excuse her from complying with procedural

12   and substantive law.  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

13   The Sixth Amendment "right to counsel is the right to the effective assistance of

14   counsel."  Strickland v. Washington, 466 U.S. 668, 686 (1984) (internal quotation marks

15   omitted); see U.S. Const. amend. VI.  To prevail on a claim of ineffective assistance of counsel,

16   Petitioner must show not only a deficient performance by trial counsel, "but also that the

17   deficient performance prejudiced the defense and deprived the defendant of a fair trial."

18   United States v. Manon, 608 F. 3d 126, 131 (1st Cir. 2010) (quoting Strickland, 466 U.S. at

19   687).

20   A Petitioner may satisfy the deficient performance prong by showing that the trial

21   counsel's representation "fell below an objective standard of reasonableness," a standard that is

22   informed by "prevailing professional norms."  Peralta v. United States, 597 F.3d 74, 79 (1st Cir.

Civil No. 11-2041 (JAF)                                                                   -4-

1   2010) (quoting Strickland, 466 U.S. at 688).   Furthermore, Petitioner faces the "strong

2   presumption that counsel's conduct falls within the wide range of reasonable professional

3   assistance." Strickland, 466 U.S. at 689.  Choices made by counsel that could be considered

4   part of a reasonable trial strategy rarely amount to deficient performance.   Id. at 690.   A

5   decision by counsel not to pursue "futile tactics" cannot be characterized as deficient

6   performance. Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999).

7          The prejudice factor requires the defendant to "'show that there is a reasonable

8   probability that, but for counsel's unprofessional errors, the result of the proceeding would have

9   been different.'"   Manon, 608 F.3d at 131–32. (quoting Strickland, 466 U.S. at 694). "A

10  reasonable probability is a probability sufficient to undermine confidence in the outcome."

11  Strickland, 466 U.S. at 694.

12         Petitioner first argues that his counsel's failure to object to Agent Means' testimony as

13  hearsay was ineffective assistance of counsel. (Docket No. 1 at 5.)  Petitioner argues that it was

14  inadmissible hearsay for Agent Means to report that the stolen car's Vehicle Identification

15  Number (VIN) indicated that the vehicle was manufactured in Japan.  (Tr., Cr. No. 07-186,

16  Docket No. 292 at 74-76.)  The government elicited this testimony to satisfy the jurisdictional

17  interstate commerce element of 18 U.S.C. § 2119.

18         We reject this argument, as any objection to this testimony would have been futile.

19  Vieux, 184 F.3d at 64.  As the First Circuit has observed, "[i]t is entirely reasonable that a

20  federal agent working in Puerto Rico would know of the lack of manufacturing centers for cars

21  on the island." United States v. Otero-Mendez, 273 F.3d 46, 51 (1st Cir. 2001).  In Otero-

22  Mendez, the First Circuit found it unnecessary to decide whether the testimony of a federal

23  agent was reliable under Fed. R. Evid. 807.  Id. at 51 n.2.  Even if counsel had objected that use

Civil No. 11-2041 (JAF)                                                                  -5-

1    of the VIN database was hearsay, there would have been several other ways for the government

2    agent to establish his knowledge that the car was manufactured outside of Puerto Rico.[2]  Id.

3    The Third Circuit has also deemed admissible the testimony of a federal agent regarding the

4    VIN number's identification in the National Insurance Crime Bureau database.  United States v.

5    Woods, 321 F.3d 361, 364 (3d Cir. 2003).  There, the Third Circuit held that because the NICB

6    database was "both necessary and reliable," reference to it at trial was admissible under Fed. R.

7    Evid. 803(17).  Id.  Therefore, any objections by Petitioner's counsel would have proven

8    unsuccessful.

9         Next, Petitioner argues that Petitioner's counsel should have objected to the jury charge

10   on the required element of intent under the federal carjacking statute.  (Docket Nos. 1 at 4; 7 at

11   3.)  Here is the challenged instruction this court gave: "Third, the defendants . . . intended to

12   cause serious bodily harm and death, if necessary, at the time they planned, along with others,

13   the commission of the carjacking offense."   (Crim. No. 07-186, Docket No. 293 at 24.)

14   Petitioner argues that this instruction effectively amended the complaint, causing prejudice to

15   her defense.  (Id.)  She argues that to sustain a conviction, the proper instruction would have

16   required a finding of intent "at the precise moment her co-defendants allegedly demanded or

17   took control over the car . . ." (Id.)

18        Petitioner's argument fails, as the government says, (Docket No. 4 at 5-6), for at least

19   two reasons.  First, Petitioner failed to object to these jury instructions at trial and on appeal, so

---

[2] We also reject Petitioner's argument that this testimony violated the Confrontation Clause of the U.S. Constitution, as the use of a VIN is not testimonial.  See United States v. Crawford, 541 U.S. 51 (2006) (providing examples of testimonial statements); Castro-Davis, 612 F.3d at 65 (defining testimonial statements as "solemn declarations made to government officials in circumstances that resemble the repudiated civil-law mode of interrogation") (quoting United States v. Brito, 427 F.3d 53, 68 (1st Cir. 2005)).

1    the argument is waived.  Owens v. United States, 483 F.3d 48, 68 (1st Cir. 2007).  Petitioner

2    argues that the cause for her procedural default was her lawyer's ineffective assistance of

3    counsel.  (Docket No. 7 at 2-4.)  But, we reject this argument as well, finding the requisite

4    element of prejudice lacking.  Even if the jury had received the instruction that Petitioner now

5    says was proper, there is no reason to believe the "result of the proceeding would have been

6    different."  Strickland, 466 U.S. at 688.  ("A reasonable probability is a probability sufficient to

7    undermine confidence in the outcome.")

8            Petitioner's argument is unavailing, because there was sufficient evidence for the jury to

9    find the requisite intent present at the moment the defendants took control of the vehicle.  The

10   Court of Appeals acknowledged this in its opinion in her codefendants' appeal: "[I]n this case a

11   reasonable jury had enough evidence to conclude that defendants possessed either actual or

12   conditional intent to cause the death of Pérez, or to inflict upon him serious bodily harm, at the

13   moment they took the vehicle."  Castro-Davis, 612 F.3d at 63 (emphasis added).  We agree.

14           In Petitioner's case, the jury heard the following evidence: The defendants used a

15   handgun to abduct their victim and later made other displays of violence; the victim was

16   abducted in his own vehicle, then restrained with handcuffs; and, he cried out for help during an

17   escape attempt, as if fearing for his life; and ultimately, the defendants asphyxiated the victim

18   until he died.  Id.  Thus, there was ample evidence for the jury to find that the defendants

19   possessed intent to kill the driver at the time they stole the car.  Id.   Petitioner is unable,

20   therefore, to demonstrate any "reasonable probability" that the result would have been different

Civil No. 11-2041 (JAF)                                                                                       -7-

1    if the jury instructions had been changed in the way Petitioner suggests.[3]  Strickland, 466 U.S.

2    at 694.

3             Finally, we address Petitioner's one remaining argument.  Petitioner argues that she

4    should be granted a new trial because of the court's alleged failure to assemble all the parties to

5    discuss a jury note.  (Docket No. 7 at 5.)  The jury note, which was entered in the docket of the

6    criminal case, stated the jury's wish to view and listen to, again, a video and telephone

7    conversation that were in evidence.  (Cr. No. 07-186, Docket No. 243.)

8             We reject Petitioner's claim, for a number of reasons.  First, the minute entry on the

9    docket shows that this court did, in fact, discuss the jury note with counsel.  (Cr. No. 07-186,

10   Docket No. 242.)  When a jury submits a note, it is standard practice for this court to receive the

11   note, discuss it with counsel, propose a response, and listen to any objections counsel may have,

12   in compliance with Fed. R. Crim. P. 43.

13            Petitioner's claim, in addition to being contradicted by the record, is procedurally

14   defaulted.  See Berthoff, 308 F.3d at 127-28 (1st Cir. 2002) ("[A] defendant's failure to raise a

15   claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral

16   review, unless the defendant can demonstrate cause for the failure and prejudice or actual

17   innocence.") (citing Bousley v. United States, 523 U.S. 614, 622 (1998)).  Petitioner did not

18   raise the claim at trial and then, on direct appeal, she presented only a very skeletal and half-

---

[3] We also reject Petitioner's undeveloped argument that because she was not present when her codefendants took control of the car, she could not be convicted of carjacking.  This argument has already been litigated and decided on direct appeal. United States v. Michaud, 901 F.2d 5, 6 (1st Cir. 1990) ("We note that certain other claims raised in the § 2255 motion were decided on direct appeal and may not be relitigated under a different label on collateral review."). On direct appeal, the Court of Appeals rejected this same argument by Petitioner, noting that Petitioner's aid was "essential to the success of the scheme." United States v. Figueroa-Cartagena, 612 F.3d 69, 75-76 (1st Cir. 2010) ("[W]hen the criminal conduct extends over a period of time, a latecomer 'may be convicted of aiding and abetting even if she did not learn of the crime at its inception but knowingly assisted at a later stage.'") (internal quotations and citations omitted).

Civil No. 11-2041 (JAF)                                                                    -8-

1    hearted argument.   Petitioner argued to the Court of Appeals that the minute entry was

2    incorrect, but she had failed to follow the correct procedure for correcting an error in the trial

3    transcript.   See Figueroa-Cartagena, 612 F.3d at 87 (citing Fed. R. App. P. 10).   While

4    emphasizing Petitioner's failure to comply with procedural rules, the Court of Appeals

5    "decline[d] Neliza's invitation to delve into this dispute on the basis of unsworn evidence that

6    was never presented to the district court."   Id.   Petitioner then filed a motion under Fed. R.

7    App. P. 10 in her criminal case, but again she failed to include any substantiating evidence for

8    her claim that the minute entry was incorrect.  (Cr. No. 07-186, Docket No. 373.)  We denied

9    that motion.  (Cr. No. 07-186, Docket No. 375.)

10        In her claim here, Petitioner again makes reference to an alleged email by her counsel, in

11    which her counsel allegedly denies being aware of the jury note.  (Docket No. 7 at 7.)  This is

12    apparently the same alleged email that Petitioner referenced in her appellate brief.  (Id.)  But,

13    Petitioner does not attach the alleged email or provide any additional details causing us to

14    question the accuracy of the minute entry on the docket.  (Docket Nos. 1; 7.)  Nor has Petitioner

15    provided any other affidavits, sworn evidence or even developed argument.  (Docket Nos. 1; 7.)

16    We, therefore, reject her argument because it is undeveloped and because she fails to show

17    cause or prejudice for her failure to raise and develop this claim in a timely manner at trial and

18    on appeal.  See Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (claims raised in a perfunctory manner

19    are waived); Berthoff, 308 F.3d at 127-28 (given limited scope of habeas review, petitioner

20    must show cause and prejudice to overcome procedural default).

21                                                    **IV.**

22                                    **Certificate of Appealability**

23        In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever

24    issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate

1   of appealability ("COA").  We grant a COA only upon "a substantial showing of the denial of a

2   constitutional right." 28 U.S.C. § 2253(c)(2).  To make this showing, "[t]he petitioner must

3   demonstrate that reasonable jurists would find the district court's assessment of the

4   constitutional claims debatable or wrong."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003)

5   (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  While Petitioner has not yet requested

6   a COA, we see no way in which a reasonable jurist could find our assessment of Petitioner's

7   constitutional claims debatable or wrong.  Petitioner may request a COA directly from the First

8   Circuit, pursuant to Rule of Appellate Procedure 22.

9                                                              **V.**

10                                                      **<u>Conclusion</u>**

11          For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1).

12   Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in

13   order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief

14   from this court.

15          **IT IS SO ORDERED.**

16          San Juan, Puerto Rico, this 27th day of November, 2012.

17                                          s/José Antonio Fusté
18                                          JOSE ANTONIO FUSTE
19                                          United States District Judge